UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 7:21-CV-46-DCR

ZHIVAGO ANWAH ROBINSON,  PETITIONER

V.

WARDEN, USP-BIG SANDY,  RESPONDENT

\*\*\* \*\*\* \*\*\* \*\*\* \*\*\*

## RESPONSE IN OPPOSITION TO HABEAS PETITION UNDER 28 U.S.C. § 2241[1]

Respondent, by and through the undersigned Assistant United States Attorney, hereby responds in opposition to Petitioner Zhivago Anwah Robinson's petition for a writ of habeas corpus under 28 U.S.C. § 2241. Relying on *Descamps v. United States*, 570 U.S. 254 (2013), *Mathis v. United States*, 136 S.Ct. 2243 (2016), and *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), Robinson challenges his career-offender and statutory sentence enhancements. As set forth below, Robinson's career-offender challenge is an abuse of the writ and the Court lacks jurisdiction to consider it because he was sentenced under the advisory guidelines and there is no retroactive Supreme Court decision that renders the enhancement invalid. The Court also lacks jurisdiction to consider Robinson's challenge to his § 851 enhancement because neither the Fourth Circuit's decision in *Simmons* nor the new statutory provision narrowing the scope of § 851 enhancements is a retroactive Supreme Court decision.

---

[1] Pursuant to the Department of Justice's protocol for handling 28 U.S.C. § 2241 petitions raising saving clause claims, this case is being jointly handled by prosecutors in this district, where Busch is confined, and the District of South Carolina, where Busch was convicted. Kathleen Michelle Stoughton is the Assistant United States Attorney in the District of South Carolina participating in this response.

I.      **PROCEDURAL AND FACTUAL BACKGROUND**

   A. **Indictment**

In July 2008, Robinson and three co-defendants were charged in a twelve-count Superseding Indictment in the District of South Carolina with violations of federal drug and gun laws. *United States v. Robinson*, No. 0:08-cr-401, ECF No. 45 (D.S.C. July 1, 2008).[2] The Superseding Indictment charged Robinson in three counts: conspiracy to possess with intent to distribute 500 grams or more of cocaine and 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 846 (Count One); being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (Count Six); and possession with intent to distribute and distribution of a quantity of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Eight). *Id*.

The Government filed an Information under 21 U.S.C. § 851, notifying Robinson that he was subject to increased penalties based upon prior felony drug convictions: possession of crack and possession of crack with intent to distribute in proximity of a park in 2000, and possession of crack with intent to distribute 3rd and possession of crack with intent to distribute in proximity of a school in 2001. *Robinson*, No. 0:08-cr-401, ECF No. 24 (D.S.C. May 12, 2008).

   B. **Conviction, Sentencing, and Direct Appeal**

In October 2008, after a three-day trial, a jury unanimously found Robinson guilty of all three counts. *Robinson*, No. 0:08-cr-401, ECF No. 123 (D.S.C. Oct. 2, 2008). Based on the quantity

---

[2] As set forth below, Robinson has now challenged his sentence in at least five federal district courts. Documents from earlier litigation are cited to herein by the case name, case number, and district, as well as the relevant ECF number and filing date. Documents in the case pending before this Court are cited to herein as "Dkt. No. xx."

Respondent respectfully requests that the Court take judicial notice of the public filings in the related litigation. *See Ashland, Inc. v. Oppenheimer & Co., Inc.*, 648 F.3d 461, 467 (6th Cir. 2011).

of drugs for which the jury held Robinson individually responsible, coupled with his prior convictions for felony drug offenses and the Government's filing of an § 851 Information for increased penalties, Robinson faced a statutory mandatory minimum sentence of ten years to life. *Robinson*, No. 0:08-cr-401, PSR at 25 (attached as Exhibit A (filed under seal)).

A Presentence Investigation Report (PSR) prepared for sentencing listed Robinson's prior adult criminal convictions, which include:

- In June 2000, (1) Possession of Crack Cocaine - 1st and (2) Possession With Intent to Distribute Crack Within Proximity of a Park, both in York County General Sessions Court, for which he received a sentence of 10 years suspended to five years of probation; and

- In July 2001, (1) Possession with Intent to Distribute Crack Cocaine and (2) Possession with Intent to Distribute Crack Cocaine Near a School, both in York County General Sessions Court, for which he was sentenced to six years' imprisonment.[3]

Exhibit A (PSR) at 14-15. Based on his prior convictions, the probation officer determined Robinson was a career offender and adjusted the guidelines range from 151-188 months to 360 months to life imprisonment. Exhibit A (PSR) at 17.

The district court imposed a sentence of 360 months' imprisonment: 360 months as to Counts One and Eight and 120 months as to Count Six; all counts to run concurrently. *Robinson*, No. 0:08-cr-401, ECF No. 161 (D.S.C. May 6, 2009).

Robinson appealed, arguing his 360-month sentence was unreasonable because his two career-offender predicate drug convictions "involved small drug amounts, no guns and no violence." *United States v. Robinson*, No. 09-4425, ECF No. 24 (4th Cir. Oct. 13, 2009). The Fourth Circuit affirmed. *Robinson*, No. 09-4425, ECF No. 38 (4th Cir. Aug. 11, 2010).

---

[3] The PSR counted Robinson's two 2001 convictions as a single career-offender predicate because there was no intervening arrest and the sentences were imposed on the same day. *See* U.S.S.G. § 4A1.2(a)(2) (2008 ed.).

3

### C. 28 U.S.C. §§ 2255 and 2244 Motions and Appeal

In August 2011, Robinson filed a Motion to Vacate under 28 U.S.C. § 2255. *Robinson*, No. 0:08-cr-401, ECF No. 238 (D.S.C. Aug. 1, 2011). He challenged the district court's determination that he was a career offender based upon what he claims was an invalid predicate conviction. *Id.* The court denied the motion in December 2011. *Robinson*, No. 0:08-cr-401, ECF No. 259 (D.S.C. Dec. 13, 2011).

Robinson appealed the district court's denial of his § 2255 motion. *Robinson*, No. 0:08-cr-401, ECF No. 262 (D.S.C. Dec. 27, 2011). He argued he is "actually innocent" of being a career offender, and his counsel was ineffective. *United States v. Robinson*, No. 12-6012, ECF No. 6 (4th Cir. Jan. 30, 2012). The Fourth Circuit denied a certificate of appealability and dismissed the appeal. *Id.*, ECF Nos. 7, 8 (4th Cir. June 5, 2012). Robinson filed a petition for a Writ of Certiorari, *id.*, ECF No. 11 (4th Cir. Sept. 17, 2012), which the Supreme Court denied, *id.*, ECF No. 12 (4th Cir. Oct. 15, 2012).

In June 2014, Robinson filed a pro se motion under 28 U.S.C. § 2244 for authorization to file a successive § 2255 motion based on three grounds: (1) the Fair Sentencing Act of 2010 retroactively applied to his case; (2) failure to reap the benefits of the Fair Sentencing Act was an equal protection violation; and (3) he is no longer a career offender in light of *Descamps*. *United States v. Robinson*, No. 14-307, ECF No. 2 (4th Cir. June 23, 2014). The Fourth Circuit denied the motion. *Id.*, ECF No. 4 (4th Cir. July 3, 2014).

### D. Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2)

In April 2015, Robinson filed a pro se "Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582 (c)(2) and in Conjunction with the Minus Two Amendment 750."[4] *Robinson*, No. 0:08-cr-401, ECF No. 306 (D.S.C. Apr. 6, 2015). The court denied the motion, finding Amendment 782 did not lower his guidelines range. *Id.*, ECF No. 332 (D.S.C. Nov. 9, 2015).

### E. Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 in West Virginia

In June 2017, Robinson filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 in the Northern District of West Virginia, arguing neither of his South Carolina drug convictions qualified as career-offender predicates in light of *Mathis*. *Robinson v. Warden*, No. 1:17-cv-110, ECF No. 1 (N.D.W.V. June 23, 2017). The court dismissed the petition for failure to use the proper form. *Id.*, ECF No. 6 (N.D.W.V. Aug. 10, 2017).

### F. Petitions for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 in Massachusetts and New Hampshire

In February 2018, Robinson filed a second Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, this time in the District of Massachusetts. *Robinson v. Hazelwood*, No. 1:18-cv-10351, ECF No. 1 (D. Mass. Feb. 26, 2018). He again argued he was improperly sentenced as a career offender. *See id.*, ECF No. 4 (D. Mass. June 19, 2018). The court transferred the petition to the District of New Hampshire, where Robinson was housed. *Id*. The District of New Hampshire dismissed the petition as duplicative of another Robinson had already filed in that court. *Robinson v. Hazlewood*, No. 1:18-cv-568, ECF No. 8, 9 (D.N.H. Nov. 26, 2018).

---

[4] In 2011, the Sentencing Commission issued Amendment 750, which lowered the base offense levels for crack cocaine offenses in conformity with the Fair Sentencing Act of 2010. *See United States v. Valentine*, 692 F. App'x 235, 237 (6th Cir. 2017). In 2014, the Commission issued Amendment 782, which amended the crack cocaine guideline by reducing by two levels the base offense levels in the drug quantity table. *Id.* Although Robinson cited Amendment 750 in his April 2015 motion, the court construed it to be a request for a reduced sentence under Amendment 782.

In April 2018, Robinson filed his third Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, this one in New Hampshire. *Robinson v. Warden*, No. 1:18-cv-287, ECF No. 1 (D.N.H. Apr. 9, 2018). As in his other habeas petitions, Robinson requested his career-offender sentence be vacated in light of *Mathis*. *Id*. The court dismissed the § 2241 petition for lack of jurisdiction, finding § 2255 "is not inadequate or ineffective to test the legality of Robinson's detention." *Id.*, ECF No. 24 at 5 (D.N.H. Sept. 26, 2019).

### G. First Step Act of 2018 Motion

In December 2018, Robinson moved the District of South Carolina for a reduction in sentence under the First Step Act 2018. *Robinson*, No. 0:08-cr-401, ECF No. 378 (D.S.C. Jan. 2, 2019). In February 2019, the court granted the motion and issued an Amended Judgment reducing Robinson's sentence from 360 to 268 months: 268 months as to Counts One and Eight, and 120 months as to Count Six, to run concurrently. *Id.*, ECF No. 384 (D.S.C. Feb. 20, 2019). The Bureau of Prisons now estimates Robinson's release date is October 17, 2024.

### H. Second 28 U.S.C. § 2255 Motion

In October 2019, Robinson filed a second motion to vacate his sentence under 28 U.S.C. § 2255 in the District of South Carolina, once again arguing he is "actually innocent" of being a career offender, this time based on *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc). *Robinson*, No. 0:08-cr-401, ECF No. 405 (D.S.C. Nov. 1, 2019). The court dismissed the motion for lack of jurisdiction. *Id.*, ECF No. 428 (D.S.C. Mar. 31, 2020). It first concluded it had no jurisdiction to consider the motion under the Fourth Circuit's § 2255(e) saving clause jurisprudence. *Id.* at 2-3. Applying the test set forth in *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), it concluded there was no change in settled substantive law of the Fourth Circuit or the Supreme Court that had been deemed to apply retroactively on collateral review, and Robinson

6

had been sentenced under the advisory guidelines, so his sentence did not present an error so grave as to be considered a fundamental defect. *Id.* at 2-3. It then construed the pending motion as a successive § 2255 motion and dismissed it for failure to secure the Fourth Circuit's permission to file it. *Id.* at 4.

### I. Most Recent Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

In June 2021, Robinson filed the § 2241 petition now pending before this Court. Dkt. No. 1. For the seventh time since his sentence was imposed, he argues he was improperly sentenced as a career offender. Dkt. No. 1-1 at 9. He also argues his statutory sentence enhancement was improper. *Id.* at 24. As set forth below, his petition should be denied.

### II. NEITHER OF ROBINSON'S CLAIMS CAN PASS THROUGH THE SAVING CLAUSE, AND HIS § 2241 PETITION SHOULD BE DISMISSED FOR LACK OF JURISDICTION.

Federal prisoners ordinarily may only attack the validity of their convictions or sentences by bringing a claim in the court of conviction under 28 U.S.C. § 2255. *Harrington v. Ormond*, 900 F.3d 246, 249 (6th Cir. 2018) (citing *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)); *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998). But there is a limited exception found in § 2255(e), commonly referred to as the "saving clause," that allows prisoners to file habeas corpus petitions under 28 U.S.C. § 2241 in certain circumstances. *See, e.g., Harrington*, 900 F.3d at 249.

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, *shall not be entertained* if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

Section 2255(e) (emphasis added).

"[T]he circumstances in which § 2255 is inadequate and ineffective are narrow" because "to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief." *Peterman*, 249 F.3d at 461 (citing Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214); *see also Hueso v. Barnhart*, 948 F.3d 324, 326 (6th Cir. 2020), *cert. denied*, 141 S. Ct. 872 (2020); *Potter v. United States*, 887 F.3d 785, 787 (6th Cir. 2018). "The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255." *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999). A § 2255 motion is not "inadequate or ineffective" to test a prisoner's remedy simply because the prisoner's time to file a § 2255 motion has passed, he failed to file a § 2255 motion, or he filed a § 2255 motion but was denied relief. *Id.* at 756. Section 2255(e) "asks only whether § 2255's motion is sufficient to assert a claim on the merits; it does not guarantee 'success' on the merits." *Hueso*, 948 F.3d at 333.

The saving clause "limits district courts' subject-matter jurisdiction" as to § 2241 petitions. *Taylor v. Owens*, 990 F.3d 493, 499 (6th Cir. 2021). "A district court has no jurisdiction over an application for habeas under section 2241 if the petitioner could seek relief under section 2255, and either has not done so or has done so unsuccessfully. The only escape route is the saving clause." *Id.* The burden is on the prisoner to establish the saving clause applies. *Id.* (citing *Charles*, 180 F.3d at 756); *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016).

For some time, the Sixth Circuit limited § 2255(e)'s exception to "actual innocence claims" and did not recognize the ability to challenge a sentence under the saving clause.[5] *See, e.g., Hayes*

---

[5] It is the Government's position that allowing § 2241 petitions based on a claim of statutory error "would be insufficiently faithful to the statute's text and to Congress's evident purpose in limiting the circumstances in which a criminal defendant may file a second or successive petition for collateral review." Petition for Writ of Certiorari, *United States v. Wheeler*, 2018 WL 4846931, at *13 (U.S. Oct. 3, 2019) (No. 18-420), *cert. denied*, 139 S. Ct. 1318 (2019); *see also Wright v.*

*v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does not apply to sentencing claims." (citing *Peterman*, 249 F.3d at 461-62)). The Sixth Circuit created an exception in *Hill*, 836 F.3d at 599-600, and has subsequently further explained this exception in the published decisions of *Wright*, *Hueso*, and *McCormick v. Butler*, 977 F.3d 521 (6th Cir. 2020).

*Hill* applied the saving clause test agreed to by the parties: a prisoner can challenge a misapplied sentence using § 2241 if he shows "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." 836 F.3d at 595 (citing *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013)). But in authorizing the petition in *Hill*, the Sixth Circuit "reiterate[d] that . . . [its] decision addresse[d] only a narrow subset of § 2241 petitions," specifically those that involve:

> (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2005), (2) who are foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id.* at 599-600; *but see McCormick*, 977 F.3d at 528 (holding whether guidelines are advisory or mandatory is irrelevant where prisoner was sentenced above statutory maximum).

In *Wright*, the Sixth Circuit clarified that, in addition to *Hill*'s limitations, "a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief." 939 F.3d at 703-05; *see also Hueso*, 948 F.3d at 329 ("*Hill* still requires prisoners to show that their

---

*Spaulding*, 939 F.3d 695, 699 (6th Cir. 2019) (recognizing it is "[d]oubtful" Congress intended saving clause to allow procedurally barred § 2255 motions).

9

first § 2255 motion did not give them a 'reasonable opportunity' to advocate for the interpretation that the Supreme Court later accepted." (citing *Wright*, 939 F.3d at 705)).

In *Hueso*, the Sixth Circuit confirmed that only a Supreme Court case, not a circuit decision, can meet *Hill*'s requirements. 948 F.3d at 326; *see also id.* at 333 ("In addition to whatever else our reasonable-opportunity standard demands, it requires a Supreme Court decision that adopts a new interpretation of a statute after the completion of the initial § 2255 proceedings.").

In *McCormick*, the Sixth Circuit allowed a prisoner to challenge his sentence enhancement where his sentence was above the otherwise applicable statutory maximum (regardless of whether the guidelines were mandatory or advisory) and a Supreme Court case demonstrated his prior conviction no longer qualified to enhance his sentence. 977 F.3d at 528-29.

Robinson's challenge to his career-offender designation should be dismissed for at least three reasons: (1) it is an abuse of the writ, (2) he was sentenced under the advisory guidelines and therefore cannot show his sentence is fundamentally defective, and (3) there is no retroactive Supreme Court decision that renders his career-offender designation invalid. Robinson's challenge to his § 851 enhancement fails because neither the Fourth Circuit's decision in *Simmons* nor the provision of the First Step Act of 2018 narrowing the scope of § 851 enhancements is a retroactive Supreme Court decision. Neither of Robinson's claims can pass through the saving clause, and his petition should be dismissed for lack of jurisdiction.

**A. Robinson's challenge to his career-offender designation should be dismissed because it is an abuse of the writ and the Court lacks jurisdiction to consider it under § 2241.**

Robinson argues he is factually innocent of being a career offender based on the Supreme Court's decisions in *Descamps v. United States*, 570 U.S. 254 (2013), and *Mathis v. United States*, 136 S.Ct. 2243 (2016), and the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d

10

237 (4th Cir. 2011) (en banc). Dkt. No. 1-1 at 9. Robinson's PSR designated him a career offender based on two predicate convictions: a 2000 conviction for possession with intent to distribute crack cocaine in the proximity of a park, in violation of S.C. Code § 44-53-445; and a 2001 conviction for possession with intent to distribute crack cocaine, in violation of S.C. Code § 44-53-375(B), and for possession with intent to distribute crack cocaine in the proximity of a school, in violation of S.C. Code § 44-53-445. Construing his pro se pleading liberally, *see Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), he appears to argue none of these convictions serve as career-offender enhancements in light of *Descamps*, *Mathis*, and *Simmons*. Robinson's claim is an abuse of the writ, and the Court lacks jurisdiction to consider it under § 2241.

   **1. Robinson's claim has already been denied by at least two courts, and it should be dismissed as an abuse of the writ.**

Robinson has argued he is not a career offender at least six times in at least four other district courts, and two district courts have already explicitly concluded his claim cannot pass through § 2255(e)'s saving clause. This Court should exercise its discretion to decline to review the claim as an abuse of the writ.

   Under 28 U.S.C. § 2244,

   No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment or a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a). "Although habeas corpus petitions filed pursuant to § 2241 are not subject to the strict bars on second and successive petitions imposed on 28 U.S.C. § 2255 (2000) habeas petitions, courts may decline to address claims brought repeatedly." *Dietz v. United States Parole Comm'n*, 260 F. App'x 763, 765 (6th Cir. 2008); *see also Rich v. Tamez*, 489 F. App'x 754, 754 (5th Cir. 2012) (per curiam) ("A § 2241 petition is considered to be abusive if it raises 'the same

11

legal issue' addressed and resolved in a prior filing."); *Smith v. Gomez*, No. 6:21-cv-20-KKC, 2021 WL 2896083, at *2 (E.D. Ky. June 15, 2021) ("Further, this Court need not consider anew Smith's arguments that his Connecticut . . . convictions no longer qualify as crimes of violence. Smith already presented those arguments to the Western District of Virginia, just to no avail."). Robinson's claim fits the bill.

In September 2019, the District of New Hampshire held *Mathis* did not allow Robinson's challenge to his career-offender status to pass through the saving clause and proceed under § 2241. *Robinson*, No. 1:18-cv-287, ECF No. 24 (D.N.H. Sept. 26, 2019). It held his claim "falls squarely within § 2255's scope." *Id.* at 4.

Undeterred, Robinson brought the same claim in the District of South Carolina. Applying the Fourth Circuit's saving clause test, that court held in March 2020 that Robinson's challenge to his career-offender status, this time based on *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc), could not proceed under § 2241. *Robinson*, No. 0:08-cr-401, ECF No. 425 at 2-3. It explained Robinson had failed to identify a change in the settled substantive law of the Fourth Circuit or the Supreme Court that applied retroactively on collateral review, and that because Robinson was sentenced under the advisory guidelines, he could not show his sentence was so erroneous as to be fundamentally defective. *Id.* at 3.

Robinson should not get another opportunity to pass through the saving clause simply because the Bureau of Prisons has transferred him from the Fourth Circuit to the First to the Sixth. His career-offender claim should be dismissed as an abuse of the writ.

Moreover, in light of these prior actions, Robinson cannot demonstrate "that he had no prior reasonable opportunity to bring his argument for relief" under *Wright*, 939 F.3d at 703-05, further barring his claim.

### 2. The Court lacks jurisdiction to consider Robinson's challenge to his career-offender status because he was sentenced under the advisory guidelines.

Robinson cannot challenge his career-offender designation under § 2241 because he was sentenced in 2009, "long after the Supreme Court's January 2005 *Booker* decision made the guidelines advisory rather than mandatory." *Loza-Gracia v. Streeval*, No. 18-5923, 2019 WL 4199908, at *2 (6th Cir. Mar. 12, 2019). In *Hill*, the Sixth Circuit applied the saving clause test agreed to by the parties, which required that the challenged sentence present "an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." 836 F.3d at 595. The court reiterated that only § 2241 petitions brought by "prisoners who were sentenced under the mandatory guidelines regime" before *Booker* could pass through the saving clause. *Id.* at 599-600. In *McCormick*, the Sixth Circuit refined the exception and held it was irrelevant whether the guidelines were mandatory or advisory *if* the prisoner was challenging a sentence in excess of the statutory maximum. 977 F.3d at 528. Robinson's sentence was imposed under the advisory guidelines and does not exceed the statutory maximum. *See* Exhibit A (PSR) at 25 (noting maximum term of imprisonment on Count One is Life). Even if Robinson could establish his career-offender designation is now erroneous – and as set forth below, he cannot – he would be unable to show his career-offender designation resulted in a fundamentally defective sentence. *See Bullard v. United States*, 937 F.3d 654, 659 (6th Cir. 2019) (holding district court's discretion to vary or depart from guidelines "confirms the absence of any 'miscarriage of justice' in Guidelines calculations: a district court can lawfully impose the same sentence with or without the career offender designation"); *United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015) ("[S]entencing a defendant pursuant to advisory-Guidelines based upon a career offender status that is later invalidated does not meet the remarkably high bar of a fundamental defect which inherently results in a complete miscarriage of justice." (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974))

(internal alteration and quotation marks omitted)). His career-offender claim therefore cannot proceed under § 2241, and it should be dismissed for lack of jurisdiction.

> **3. The Court lacks jurisdiction to consider Robinson's challenge to his career-offender status because there is no retroactive Supreme Court decision that renders it invalid.**

Robinson cannot challenge his career-offender designation under § 2241 because he cannot identify a retroactive Supreme Court decision that renders it invalid. In *Hill*, adopting the test proposed by the parties, the Sixth Circuit held a § 2241 petition could only pass through the saving clause if it relied on a "subsequent, retroactive change in statutory interpretation by the Supreme Court [that] reveals *that a previous conviction is not a predicate offense for a career-offender enhancement*." 836 F.3d at 600 (emphasis added); *see also Hueso*, 948 F.3d at 332 (holding § 2241 petition must be based on Supreme Court case to pass through saving clause). Robinson argues that under *Mathis* and *Descamps*, he is "actually innocent" of the career-offender enhancement. Dkt. No. 1-1 at 10. But "[e]ven assuming that *Mathis* and *Descamps* announced new interpretations of statutory law, they do not provide the relief [Robinson] seeks." *See Hendrickson v. Kizziah*, No. 19-5629, 2019 WL 9078289, at *2 (6th Cir. Dec. 27, 2019).

In the wake of *Mathis* and *Descamps*, the Fourth Circuit has held the two South Carolina statutes under which Robinson was convicted – S.C. Code §§ 44-53-375(B) and 44-53-445 – are divisible and subject to the modified categorical approach. *See United States v. Williams*, 997 F.3d 519, 523 (4th Cir. 2021) (holding § 44-53-375(B) is divisible and subject to modified categorical approach); *United States v. Marshall*, 747 F. App'x 139, 150 (4th Cir. 2018) (authored but unpublished) (holding § 44-53-445 is divisible and subject to modified categorical approach). The PSR identified Robinson's predicate convictions as (1) possession with intent to distribute crack cocaine in the proximity of a park and (2) possession with intent to distribute crack cocaine and

possession with intent to distribute crack cocaine in the proximity of a school.[6] Exhibit A (PSR) at 14-15. Those offenses are still career-offender predicates today. *See* U.S.S.G. § 4B1.2(b) (2018 ed.) (defining "controlled substance offense" to include offense under state law, punishable by imprisonment for term exceeding one year, that prohibits possession of controlled substance with intent to distribute); S.C. Code § 44-53-375(B)(1) (first offense of possession with intent to distribute cocaine base punishable by term of imprisonment of not more than 15 years); S.C. Code § 44-53-445(B)(2) (1995) (possession with intent to distribute crack cocaine punishable by term of imprisonment of not less than 10 nor more than 15 years). Robinson's career-offender predicates are valid even after *Mathis* and *Descamps*. His claim therefore cannot proceed under § 2241, and it should be dismissed for lack of jurisdiction.

---

[6] To the extent Robinson argues these convictions are not valid career-offender predicates because the sentencing court relied on the PSR to determine his offense of conviction, *see* Dkt. No. 1-1 at 23-24 (arguing "the district court erred in considering Robinson's PSR in its conclusion that Robinson had two prior controlled substance convictions" and citing *Shepard v. United States*, 544 U.S. 13, 26 (2005)), this claim cannot proceed under § 2241 because it does not rely on a new, retroactive Supreme Court decision. *Shepard* was decided in 2005, and Robinson was sentenced in 2009. He could have argued at sentencing, on direct appeal, and in his initial § 2255 motion that the PSR was not a valid *Shepard* document, but he failed to do so. *See Wright*, 939 F.3d at 703 (noting prisoner challenging conviction or sentence under § 2241 must show "binding adverse precedent (or some greater obstacle) left him with 'no reasonable opportunity' to make his argument any earlier").

Moreover, his claim is baseless on the merits because the PSR's description of the offenses was based on the South Carolina sentencing sheets for each of the convictions, which are valid *Shepard* documents showing he was convicted of possession of crack cocaine with intent to distribute in the proximity of a park, possession of crack cocaine with intent to distribute (3rd offense), and possession of crack cocaine with intent to distribute in the proximity of a school. *See Williams*, 997 F.3d at 523 (noting South Carolina sentencing sheet was "only relevant *Shepard* document in the record" where it showed defendant pleaded to offense not charged in indictment); *see also* Exhibits B, C, D (South Carolina sentencing sheets).

15

**B. Robinson's challenge to his § 851 enhancement fails because the Fourth Circuit's decision in *United States v. Simmons* and the new statutory definition of "serious drug felony" are not retroactive Supreme Court decisions.**

The Court also lacks jurisdiction to consider Robinson's challenge to his § 851 enhancement under § 2241. Robinson does not appear to argue his § 851 enhancement was invalid when it was imposed. Nor could he. When Robinson was sentenced in May 2009, a defendant convicted of violating 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846 was subject to ten years to life in prison if the violation was committed "after a prior conviction for a felony drug offense has become final." 21 U.S.C. §§ 841(b)(1)(B), 846 (2009). A "felony drug offense" was "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44) (2009). As explained above, Robinson's South Carolina drug convictions unquestionably qualified.[7] *See* S.C. Code § 44-53-375(B)(1) (first offense of possession with intent to distribute cocaine base punishable by term of imprisonment of not more than 15 years); S.C. Code § 44-53-445(B)(2) (1995) (possession with intent to distribute crack cocaine punishable by term of imprisonment of not less than 10 nor more than 15 years).

Instead, Robinson argues his 2000 conviction under § 44-53-445 does not qualify as a "felony drug offense" under the Fourth Circuit's decision in *Simmons* because he received a suspended sentence, not a term of imprisonment. Dkt. No. 1-1 at 24. This claim cannot pass

---

[7] Additionally, any challenge to the sentence as originally imposed would be unable to pass through the saving clause because Robinson cannot show he had no reasonable opportunity to bring the claim sooner. *See Wright,* 939 F.3d at 703-05 ("a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief"). Thus, Robinson's claim that "the district court 'erred in failing to conduct a colloquy required under 21 U.S.C. § 851(b),'" Dkt. No. 1-1 at 11, 23, is not properly before the Court.

through the saving clause for at least four reasons. First, *Simmons* was decided in August 2011, while Robinson's initial § 2255 motion was still pending, so he cannot prove he had "no prior reasonable opportunity to bring his argument for relief." *See Wright*, 939 F.3d at 703-05. Second, *Simmons* is a circuit court—not a Supreme Court—decision, so it does not suffice to open the door to a § 2241 petition. *See Hueso*, 948 F.3d at 326.[8] Third, *Simmons* considered whether a prior conviction qualified as a sentence-enhancing predicate "in the context of the unique statutory regime mandated by the North Carolina Structured Sentencing Act," 649 F.3d at 240; it did not address the South Carolina drug statutes or hold that convictions under those statutes required the defendant to serve a term of imprisonment for the convictions to qualify as career-offender or § 851 predicates. And fourth, even if *Simmons* somehow did apply and disqualified Robinson's 2000 conviction, his § 851 enhancement was still valid based on his 2001 convictions for possession with intent to distribute crack cocaine and possession with intent to distribute crack cocaine in the proximity of a school, for which he received concurrent six-year sentences.[9] Exhibit A (PSR) at 15.

Finally, to the extent Robinson's petition could be liberally construed to argue his § 851 enhancement is invalid because the First Step Act changed the "felony drug offense" predicate to "serious drug felony or serious violent felony," which does require the defendant to have served one year in prison, the First Step Act is not a basis for a saving clause claim. The First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, does not meet *Hill*'s requirement of a Supreme Court case demonstrating a prior conviction is not a predicate offense. *See Hill*, 836 F.3d at 599-600.

---

[8] For the same reasons, Robinson cannot rely on *Havis* to pass through the saving clause, to the extent he attempts to do so.
[9] For all these reasons, *Simmons* is also not a gateway for Robinson's career-offender challenge to pass through the saving clause.

Moreover, the change from "felony drug offense" to "a serious drug felony or serious violent felony," Pub. L. No. 115-391, 132 Stat. at 5220-21, does not apply retroactively. *See United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019). Section 401(c) of the First Step Act provides that the change "shall apply to any offense that was committed before the date of enactment of this Act, *if a sentence for the offense has not been imposed as of such date of enactment*." Pub. L. No. 115-391, 132 Stat. at 5221 (emphasis added). These changes do not apply to Robinson because he was sentenced in 2009, well before the First Step Act's enactment. Moreover, as explained above, even if Robinson's 2000 conviction did not count, his two 2001 convictions would still qualify as "serious drug felonies" sufficient to enhance his mandatory minimum sentence under § 841(b)(1)(B). *See* 21 U.S.C. § 802(57) (2018) (defining "serious drug felony" as an offense under 18 U.S.C. § 924(e) for which defendant served more than 12 months in prison and was released within 15 years of commencement of instant offense). Robinson's challenge to his § 851 enhancement cannot proceed under § 2241, and it should be dismissed for lack of jurisdiction.

### III.  CONCLUSION

Robinson's habeas petition should be dismissed for lack of jurisdiction. His career-offender challenge is an abuse of the writ, and it cannot proceed through the saving clause because he had a prior opportunity to bring it, he was sentenced under the advisory guidelines, and there is no retroactive Supreme Court decision that renders the enhancement invalid. His challenge to his § 851 enhancement cannot pass through the saving clause because neither the Fourth Circuit's decision in *Simmons* nor the new statutory provision narrowing the scope of § 851 enhancements is a retroactive Supreme Court decision.

        Respectfully submitted,

        CARLTON S. SHIER, IV
        ACTING UNITED STATES ATTORNEY

BY:   /s/Kyle M. Melloan
       Kyle M. Melloan
       Assistant United States Attorney
       260 West Vine St., Suite 300
       Lexington, Kentucky 40507-1612
       (859) 233-2661
       Kyle.Melloan@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2021, the foregoing was electronically filed with the clerk of the court by using the CM/ECF system. A copy was sent via First Class mailing to the following non-ECF filer:

Zhivago Anwah Robinson
Reg. No. 16517-171
Gilmer FCI Inmate Mail/Parcels
P.O. Box 6000
Glenville, WV 26351

        s/Kyle M. Melloan
        Assistant United States Attorney