UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | |
|---|---|
| ZHIVAGO ANWAH ROBINSON, | ) |
| | ) |
|    Petitioner, | )   Civil Action No. 7: 21-046-DCR |
| | ) |
| v. | ) |
| | ) |
| WARDEN, USP-BIG SANDY, | )   **MEMORANDUM OPINION** |
| | )             **AND ORDER** |
|    Respondent. | ) |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Proceeding without counsel, Petitioner Zhivago Anwah Robinson has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking relief from his federal sentence. [Record No. 1] The Warden at USP-Big Sandy has filed his response to the petition [Record No. 10] to which Robinson has filed a reply. [Record No. 16] The matter is ripe for review.

**I.**

In October 2008, Robinson was convicted by a jury in the United States District Court for the District of South Carolina of one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine and 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B) and 846 (Count One); one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e) (Count Six); and one count of possession with intent to distribute and distribution of a quantity of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Eight). *United States v. Robinson*, No. 0:08-cr-401-CMC-2 (D.S.C. 2008). Prior to trial, the government filed

an Information under 21 U.S.C. § 851, notifying Robinson that he was subject to increased penalties based upon prior drug convictions, specifically: (1) June 2000 South Carolina convictions for possession of crack and possession of crack with intent to distribute in proximity of a park and (2) October 2001 South Carolina convictions for possession of crack with intent to distribute 3rd and possession of crack with intent to distribute in proximity of a school. *Id*. at Record No. 24.

As set forth in the Presentence Investigation Report ("PSR"), because of the quantity of drugs for which the jury held Robinson individually responsible, coupled with his two prior convictions for felony drug offenses and the Government's filing of an § 851 Information for increased penalties, Robinson faced a statutory mandatory minimum sentence of 10 years to a maximum sentence of Life on Count One; a maximum sentence of 10 years on Count Six; and a maximum sentence of 30 years on Count Eight. [Record No. 12, PSR at p. 1-2, 25] The PSR also noted that Robinson qualified as a "Career Offender" under U.S.S.G. § 4B1.1(a) as a result of his prior felony controlled substance offenses. [*Id*. at p. 14-17] Based on a Total Offense Level of 37 and a Criminal History Category of VI, the PSR recommended a guideline range for imprisonment of 360 months to life. [*Id*. at p. 25]

In May 2009, Robinson was sentenced to terms of imprisonment of 360 months as to Counts 1 and 8 and 120 months as to Count 6, all to run concurrently, for a total term of imprisonment of 360 months. *United States v. Robinson*, No. 0: 08-CR-401-CMC-2 (D.S.C. 2008) at Record No. 161.[1]  Robinson appealed his sentence to the United States Court of

---

[1] In February 2019, the sentencing court granted Robinson's motion for a reduction in sentence under the First Step Act of 2018. It issued an amended Judgment reducing Robinson's sentence to terms of imprisonment of 268 months on Counts One and Eight and 120 months

Appeals for the Fourth Circuit, arguing that his sentence was erroneous "because his predicate offenses for the career offender designation involved small amounts of drugs, no firearms, and no violence." *United States v. Robinson*, No. 09-4425 (4th Cir. Aug. 11, 2010 Opinion). However, the Circuit Court affirmed his sentence. *Id*.

Robinson filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on August 1, 2011. *United States v. Robinson*, No. 0: 08-CR-401-CMC-2 (D.S.C. 2008) at Record No. 238-1. Robinson argued that: (i) the sentencing court committed a "procedural error" by confusing the provisions of 21 U.S.C. § 851 with the Career Offender provisions of the sentencing guidelines, *id*. at p. 5-7; (ii) his 2000 convictions should not have counted towards his Career Offender designation because his 10-year suspended sentence could not count as a "sentence of imprisonment" exceeding one year and one month, *id*. at p. 8-9; and (iii) his counsel was ineffective. *Id*. at p. 9-17. His motion was dismissed in December 2011. *Id*. at Record No. 259. Robinson appealed to the United States Court of Appeals for the Fourth Circuit, but the Circuit Court denied a Certificate of Appealability and dismissed the appeal. *United States v. Robinson*, No. 12-6012 (4th Cir. June 5, 2012 Opinion). Thereafter, Robinson's petition for a Writ of Certiorari was denied by the United States Supreme Court. *Id*.

In June 2014, Robinson filed a motion with the United States Court of Appeals for the Fourth Circuit requesting authorization to file a second or successive § 2255 motion. Robinson argued that he was entitled to relief from his sentence in light of the Fair Sentencing Act of 2010 and that he no longer qualifies as a Career Offender under the Supreme Court's decision

---

on Count Six, to run concurrently, for a total term of imprisonment of 268 months. *United States v. Robinson*, No. 0: 08-CR-401-CMC-2 (D.S.C. 2008) at Record No. 384.

in *Descamps v. United States*, 570 U.S. 254 (2013). Robinson's motion was denied. *United States v. Robinson*, No. 14-307 (4th Cir. July 3, 2014 Order).

Since that time, Robinson has filed multiple motions and habeas petitions seeking relief from his sentence in both the sentencing court and other United States District Courts. These motions have been either dismissed or denied. *See United States v. Robinson*, No. 0: 08-CR-401 (D.S.C. 2008) at Record No. 332 (denying motion for reduction of sentence filed pursuant to 18 U.S.C. § 3582(c)(2)); *Robinson v. Warden*, No: 1: 17-CV-110 (N.D.W.V. 2017) (§ 2241 petition arguing that Robinson's South Carolina drug convictions no longer qualified as career-offender predicates in light of *Mathis v. United States*, 136 S.Ct. 2243 (2016); dismissed for failure to use the proper form); *Robinson v. Hazelwood*, No. 1: 18-CV-10351 (D. Mass. 2018) (§ 2241 petition arguing he was improperly sentenced as a Career Offender; transferred to the District of New Hampshire, No. 1: 18-CV-568 (D.N.H. 2018), and dismissed as duplicative of another § 2241 petition previously filed by Robinson in that Court); *Robinson v. Warden*, No. 1: 18-CV-287 (D.N.H. 2018) (§ 2241 petition challenging Career Offender designation in light of *Mathis*; dismissed for lack of jurisdiction on the grounds that 28 U.S.C. § 2255 is not inadequate or ineffective to test the legality of Robinson's detention); *United States v. Robinson*, 0: 08-CR-401-CMC (D.S.C. 2008) at Record No. 405 (second or successive motion to vacate his sentence under 28 U.S.C. § 2255 filed in October 2019, arguing that Robinson is "actually innocent" of being a Career Offender in light of *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019); dismissed for lack of jurisdiction because Robinson could not satisfy the requirements of the savings clause of 28 U.S.C. § 2255(e) and because Robinson had not obtained permission from the Fourth Circuit Court of Appeals prior to filing).

He has now turned his efforts to this Court. In his § 2241 petition filed in this case, Robinson once again challenges his designation as a Career Offender, arguing that he is entitled to relief in light of *Descamps*, *Mathis*, and *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). [Record No. 1] Specifically, he argues that, at sentencing, the district court erred in failing to conduct a colloquy required under 21 U.S.C. § 851(b). [Record No. 1-1 at p. 11] He also argues that the sentencing court improperly relied upon the PSR at sentencing because the PSR is not a "charging document, a plea agreement or colloquy, or a comparable judicial record" as permitted by *Shepard v. United States*, 544 U.S. 13 (2005), and that the reliance upon the description of his prior convictions in the PSR, without confirming with Robinson if he affirmed or denied its accuracy, is "inconsistent with the Court's holding in *Descamps*." [*Id*. at p. 23-24] Robinson further argues that, in light of *Simmons*, his prior conviction for violating South Carolina Code § 44-53-445 no longer qualifies as a "controlled substance offense" under the Career Offender provisions of the guidelines, nor does it qualify as a "felony drug offense" under 21 U.S.C. § 851, because he received a 10-year suspended sentence, not a term of imprisonment. [*Id*. at p. 24-25]

Robinson invokes the "savings clause" of 28 U.S.C. § 2255(e) to contend that he may assert these challenges to his sentence in a § 2241 petition. However, the Court will dismiss Robinson's § 2241 petition for lack of subject-matter jurisdiction because he cannot show that a motion under § 2255 is inadequate or ineffective to test his conviction or sentence. *See Taylor v. Owens*, 990 F.3d 493 (6th Cir. 2021).

## II.

While 28 U.S.C. § 2241 "grants federal courts the authority to issue writs of habeas corpus to prisoners whose custody violates federal law," *Taylor*, 990 F.3d at 495, section

2441's applicability is severely restricted by 28 U.S.C. § 2255. *Id*. "[S]ection 2241 typically facilitates only challenges to 'the execution or manner in which the sentence is served' – those things occurring within the prison." *Id*. (quoting *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam)). In contrast, "section 2255 now serves as the primary means for a federal prisoner to challenge his conviction or sentence – those things that were ordered in the sentencing court." *Taylor*, 990 F.3d at 495. Thus, a federal prisoner generally may not use a § 2241 petition to challenge his conviction or the enhancement of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Instead, a prisoner who wishes to challenge the legality of his conviction or sentence must file a motion under § 2255 in the court that sentenced him. *Id*. (explaining the distinction between a § 2255 motion and a § 2241 petition).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to the prohibition against challenging a conviction or sentence in a § 2241 petition, allowing such if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). But a motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002). Rather, to properly invoke the savings clause, a petitioner challenging his sentence must show that, after the petitioner's conviction became final, the United States Supreme Court issued a retroactively applicable decision establishing that – as a matter of statutory interpretation – a prior conviction used to enhance his or her federal sentence no longer qualifies as a valid predicate offense. *Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016).

In *Hill*, the Sixth Circuit clarified that a prisoner may only challenge his sentence in a § 2241 petition filed pursuant to § 2255(e) if he can demonstrate: "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Hill*, 836 F.3d at 595. Moreover, "a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief." *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019).

Because the savings clause of § 2255(e) is a jurisdictional bar that a petitioner must clear prior to bringing a challenge to his conviction or sentence in a § 2241 proceeding, the failure to do so mandates dismissal of the § 2241 petition for lack of subject-matter jurisdiction. *Taylor*, 990 F.3d at 499-500 ("Unless [the petitioner] proves that a section 2255 motion is inadequate or ineffective to challenge his sentence, no court may entertain his application for a writ of habeas corpus under section 2241.").

Robinson does not meet these requirements. First, in *Hill*, the Sixth Circuit further expressly limited its decision to "prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2005)." *Hill*, 836 F.3d at 599. Robinson was sentenced in 2009, well after the Supreme Court's 2005 decision in *Booker* rendered the sentencing guidelines advisory rather than mandatory. *See Loza-Gracia v. Streeval*, No. 18-5923, 2019 WL 4199908, at *2 (6th Cir. Mar. 12, 2019) ("Loza-Gracia cannot proceed under *Hill* because he was sentenced in 2011, long after the Supreme Court's January 2005 *Booker* decision made the guidelines advisory rather than mandatory."); *Contreras v. Ormond*, No. 18-5020 (6th Cir. Sept. 10, 2018) ("[The petitioner's] case does not

-7-

fall within the narrow exception recognized by *Hill* because he was sentenced post *Booker* in 2009, under the advisory sentencing guidelines."); *Arroyo v. Ormond*, No. 17-5837 (6th Cir. April 6, 2018) (holding that since the petitioner was sentenced after *Booker*, his "claim does not fall within *Hill*'s limited exception for bringing a § 2241 habeas petition to challenge a federal sentence"). In a subsequent decision, the Sixth Circuit permitted a prisoner to challenge his sentence enhancement in a § 2241 petition, even though he was sentenced under the advisory guidelines, where his sentence was above the otherwise applicable statutory maximum sentence. *McCormick v. Butler*, 977 F.3d 521, 528-29 (6th Cir. 2020). However, *McCormick* is unavailing to Robinson because his sentence did not exceed the applicable statutory maximum sentence, which was life imprisonment.

In addition, Robinson's argument that his 2000 drug conviction does not qualify as a "felony drug offense" for purposes of a sentencing enhancement because he received a suspended sentence relies upon the Fourth Circuit Court of Appeals' decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011).[2] *Simmons*, however, is not a retroactive change in statutory interpretation by the Supreme Court that is applicable to Robinson, as is required for him to raise such a claim in a § 2241 proceeding via the savings clause. In *Hueso v. Barnhart*, 948 F.3d 324 (6th Cir. 2020), the Sixth Circuit made clear that "[i]n addition to whatever else our reasonable-opportunity standard demands, it requires a *Supreme Court* decision that adopts

---

[2] In *Simmons*, the Circuit Court held that the defendant's prior North Carolina conviction for possession with intent to distribute marijuana did not constitute a predicate "felony drug" conviction for purposes of the sentencing enhancement set forth in § 841(b)(1) because, under the "unique statutory regime mandated by the North Carolina Structured Sentencing Act," the defendant could not have received a sentence in excess of twelve months for his North Carolina conviction. *Simmons*, 649 F.3d at 240.

a new interpretation of a statute after the completion of the initial § 2255 proceedings." *Id.* at 333 (emphasis added).

While Robinson also invokes the Supreme Court's decisions *Descamps* and *Mathis*, he does not present an argument that the sentencing court's classification of his prior drug convictions was erroneous in light of the "modified categorical approach" as applied in these cases.[3] Rather, Robinson argues that, while considering whether his prior drug convictions were valid predicate offenses for purposes of the sentencing enhancement, the sentencing court improperly relied upon the descriptions of his prior offenses in the PSR because the court failed to first "conduct a colloquy" to confirm the accuracy of those descriptions. He further argues that the sentencing court's reliance on the PSR was improper because it is not the sort of document described in *Shepard* that a court may review when analyzing whether a defendant's prior conviction qualifies as a valid predicate offense for purposes of a sentencing enhancement.

Robinson's procedural challenge to the § 851 Information is a claim of ordinary trial error. Such a claim could and must have been asserted before the trial court, upon direct appeal, or in a motion pursuant to 28 U.S.C. § 2255, and thus fall outside the purview of §

---

[3]  In *Descamps* and *Mathis*, the Supreme Court clarified when a statute is "divisible" for purposes of determining whether a prior conviction qualifies as a valid predicate offense under the Armed Career Criminal Act, 18 U.S.C. § 924(e). Under these cases, an underlying statute is "divisible" when it contains alternative elements (hence, defining multiple offenses), not when it merely contains alternative factual means of committing a single offense. *Mathis*, 136 S. Ct. at 2249, 2251-52. In such circumstances, a sentencing court is permitted to apply the "modified categorical approach" and review the materials described in *Shepard v. United States*, 544 U.S. 13 (2005) - such as the indictment or jury instructions in the underlying trial – to determine whether the defendant was convicted of conduct that falls within the "generic" offense, and thus qualifies as a valid predicate under § 924(e). *Descamps*, 570 U.S. at 257-258, 260-265 (describing the history of the "modified categorical approach"); *Mathis*, 136 S. Ct. at 2248-50 (citing *Richardson v. United States*, 526 U.S. 813 (1999)).

2241.  Likewise, his claim that the sentencing court improperly relied upon his PSR at sentencing because a PSR is not an appropriate *Shepard* document is a claim based upon *Shepard*, not *Descamps* or *Mathis*.  The Supreme Court's decision in *Shepard* was issued in 2005, well before Robinson was sentenced in 2009.  For purposes of allowing a petitioner to proceed via the savings clause of § 2255(e), "[a] new case matters only, if at all, because of the *new legal arguments* it makes available."  *Wright*, 939 F.3d at 705 (emphasis in original).  Because Robinson did not need either *Descamps* or *Mathis* to raise his objections to the use of the PSR by the sentencing court, he may not do so now in his § 2241 petition.

Moreover, Robinson cannot establish that he has had "no prior reasonable opportunity to bring his argument for relief" as required by *Wright* because he has raised his claims in other courts.  Indeed, Robinson's initial § 2255 motion filed in the sentencing court unsuccessfully argued, in part, that his prior drug offense convictions in 2000 were not valid Career Offender predicates because his 10-year suspended sentence did not qualify as a "sentence of imprisonment."  *United States v. Robinson*, No. 0:08-cr-401-CMC-2 (D.S.C. 2008) at Record No. 238-1 at p. 8-9.  Robinson again raised this argument, as well as a claim that he was improperly sentenced as a Career Offender in light of *Mathis* and *Descamps*, in a § 2241 petition filed in the District of New Hampshire in 2018, which also denied his request for relief.  *Robinson v. Warden*, No. 1: 18-CV-287 (D.N.H. 2018) at Record No. 1.  Most recently, Robinson's attempt to challenge his Career Offender status in the sentencing court was dismissed for lack of jurisdiction, in part, because Robinson failed to satisfy the requirements of the savings clause.  *United States v. Robinson*, 0: 08-CR-401-CMC (D.S.C. 2008) at Record No. 405 (Robinson's second or successive motion to vacate his sentence under 28 U.S.C. § 2255 filed in October 2019).  That Robinson's claims have been repeatedly rejected by other

courts does not render a motion under § 2255 "inadequate or ineffective" to test the legality of his sentence enhancements. *Copeland*, 36 F. App'x at 795. Rather, as Robinson has had ample opportunities to raise his claims for relief, he may not raise them again in this Court in a § 2241 petition filed pursuant to the savings clause of § 2255(e). *Wright*, 939 F.3d at 706.[4]

For the reasons outlined in this opinion, Robinson cannot establish that a § 2255 motion is inadequate or ineffective to challenge his sentence. Thus, he may not proceed in this matter *via* the savings clause of § 2255(e). Accordingly, this Court may not entertain his § 2241 petition and will dismiss it for lack of subject-matter jurisdiction. *See Taylor*, 990 F.3d at 496.

For all of the foregoing reasons, it is hereby **ORDERED** as follows:

1. Robinson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DISMISSED** for lack of subject-matter jurisdiction.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

Dated: October 5, 2021.



Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky

---

[4] Although the Court declines to dismiss Robinson's petition as an abuse of the writ at this time, he is advised that his repeated presentation of the same claims for relief in multiple § 2241 petitions is inappropriate. *See Sanders v. United States*, 373 U.S. 1, 18 (1963) ("Nothing in the traditions of habeas corpus requires the federal courts to tolerate needless piecemeal litigation, to entertain collateral proceedings whose only purpose is to vex, harass, or delay."); *Dietz v. U.S. Parole Comm'n*, 260 F. App'x 763, 765 (6th Cir. 2008) ("Although habeas corpus petitions filed pursuant to § 2241 are not subject to the strict bars on second and successive petitions imposed on 28 U.S.C. § 2255 habeas petitions, courts may decline to address claims brought repeatedly.") (citing 28 U.S.C. § 2244(a)). Future § 2241 petitions filed by Robinson on these same grounds may be summarily dismissed as an abuse of the writ.